IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    *Plaintiff(s)*,<br><br>VS.<br><br>MARK A. BENAVIDES AND ALL OCCUPANTS OF 1069 VISTA HERMOSA DRIVE, EAGLE PASS, TEXAS 78852,<br><br>    *Defendant(s)*. | CIVIL ACTION NO. 2:20-cv-00026 |

## COMPLAINT

Plaintiff, Federal National Mortgage Association ("Fannie Mae") complains against Mark A. Benavides and all other Occupants of the property located at 1069 Vista Hermosa Drive, Eagle Pass, Texas 78852, and for cause of action would respectfully show the following:

### Jurisdiction and Venue

- *Citizenship of the Parties*

1. This is a civil action involving a controversy between citizens of different states. By statute, Fannie Mae is deemed a citizen of the District of Columbia. *See* 12 U.S.C. § 1717(a)(2)(B). Defendants are citizens of Texas.

2. Since Defendants are citizens of Texas and Fannie Mae is a citizen of the District of Columbia, for purposes of diversity of citizenship jurisdiction, complete diversity exists among the parties.

- *Amount in Controversy*

3.  This matter concerns the possession of and torts to interests in real property located at 1069 Vista Hermosa Drive, Eagle Pass, Texas 788525 and more particularly described as:

> **BEING ALL THAT CERTAIN TRACT OR PARCEL OF LAND, TOGETHER WITH ALL IMPROVEMENTS THEREON, AND BEING LOT 4, IN BLOCK 7, VISTA HERMOSA SUBDIVISION, UNIT 4, AN ADDITION TO THE CITY OF EAGLE PASS, MAVERICK COUNTY, TEXAS, AS SHOWN ON THE PLAT OF SAID UNIT 4 WHICH IS OF RECORD OF MAVERICK COUNTY, TEXAS (the "Property").**

4.  The 2019 value assessed by the Maverick County Appraisal District is $393,060.00. A printout from the assessor's web site is attached as Exhibit "A." The amount in controversy in this case exceeds the $75,000.00 diversity jurisdiction threshold.

5.  "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins, Corp.,* 296 F.2d 545, 547-48 (5th Cir. 1961). "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Webb v, Investacorp, Inc.,* 89 F.3d 252 (5th Cir. 1996), citing *Leininger v Leininger,* 705 F.2d 727 (5th Cir. 1983). Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property. See *Berry v. Chase Home Fin., LLC,* 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

6.  To that end Fannie Mae seeks relief related to the Property owned by Fannie Mae, which is presently unlawfully possessed by Defendants. Fannie Mae seeks declaratory relief. Accordingly, all prerequisites to diversity jurisdiction are established.

**Background and Title Facts**

- ***Foreclosure***

7. On or about June 1, 2007, Margarita R. Mendiola signed a promissory payable to Mortgageclose.Com, Inc. in the amount of $266,000.00 for purchase of the Property.

8. Contemporaneous with the note, Margaret R. Mendiola signed a Deed of Trust offered to secure repayment of the Note. The Deed of Trust is recorded under Maverick County Clerk's document number 143062, in Book 1028, Pages 0403-0426 of the Maverick County real property records.

9. Margaret Mendiola defaulted on her obligations under the Note, and pursuant to the Deed of Trust, the Property was sold at foreclosure. Foreclosure occurred on September 6, 2016. Fannie Mae was the purchaser at the sale of the Property. A Substitute Trustee's Deed conveying the property to Fannie Mae is recorded under Maverick County Clerk's document number 193807, in Book 1602 Pages 354-357 of the Maverick County real property records. A copy of the Substitute Trustee's Deed is attached as Exhibit "B."

10. At the time of foreclosure, Defendant Mark A. Benavides was tenant under a written lease agreement with former owner Margarita Mendiola. The express term of the lease extended from May 1, 2016 and ended on May 1, 2017. Following the lease term, the tenancy of Mark Benavides and other occupants of the Property continued month-to-month. A copy of the Lease is attached as Exhibit "C."

11. On July 16, 2018, notice terminating the tenancy was delivered to Mark A. Benavides and all other residents in the Property. Under the notice to vacate, Defendants were given thirty-days to vacate following the date of the notice. Defendants failed to vacate the

Property. A copy of the notice terminating the tenancy and demanding possession is attached as Exhibit "D."

- ***Forcible Detainer Proceedings***

12. When Defendants refused to vacate the Property, Fannie Mae instituted eviction proceedings in the Maverick County Justice Court. Upon trial, the Justice Court awarded possession of the Property to Fannie Mae. A copy of the Judgment of Possession is attached as Exhibit "E."

13. Following the entry of the Justice Court judgment awarding possession to Fannie Mae, Mark A. Benavides appealed the judgment to the Maverick County Civil Court at Law, which reviewed the Justice Court's Judgment of Possession *de novo*. Upon trial, the Cameron County Court determined that Fannie Mae was not entitled to possession. In light of the fact that the remedy of forcible detainer is cumulative of all other remedies in Texas, Fannie Mae brings this action in damages against Defendants.

## Causes of Action

### TRESPASS TO REALTY

14. Fannie Mae owns the Property and has owned it since September 2016.

15. Defendants physically, intentionally, and voluntarily entered Fannie Mae's property without Fannie Mae's consent to enter or maintain possession. Defendants took these actions after Fannie Mae demanded possession of the Property, terminated all rights of Defendants to possess the Property and proceeded on its simplest, most efficient remedy for obtaining possession; forcible detainer.

16.  Defendants' trespass caused injury to Fannie Mae, which resulted in the following damages: Loss of use of the Property, loss of expected profits from use of the Property, loss of market value of the Property in the amount of at least $28,500.00, which amount increases by $1,500.00 each month that Fannie Mae is without possession and the ability to market the Property it owns.

## TRESPASS TO TRY TITLE

17.  Fannie Mae requests the court determine the party holding proper title to the Property and award Fannie Mae exclusive possession of the Property. Fannie Mae asserts this trespass to try title action to resolve competing claims to property. The action is governed by the Texas Property Code Ann. §§22.001-22.004, 22.021-22.024, 22.041-22.045 (Vernon 1984).

18.  The Security Instrument provided the lender with a power of sale in case of default. The Deed of Trust states in Covenant 22 that "[t]he recitals in the trustee's deed shall be *prima facie* evidence of the truth of the statements made therein." This statement, coupled with the statements made in the substitute trustee's deed[1], raise a presumption of validity of the foreclosure sale. *American Savings & Loan Assoc. v. Musick,* 517 S.W.2d 627, 631 (Tex. App – Houston [14th Dist.] 1975, *rev'd on other grounds).*

19.  The Substitute Trustee's Deed establishes a *prima facie* case that proper foreclosure procedures were followed. The process for noticing and foreclosing the property utilized by the foreclosure mortgagee, Nationstar Mortgage LLC was proper and in conformity with Texas law thus providing clear title to Fannie Mae, the present fee title holder.

20.  Defendants Mark A. Benavides and other occupants of the Property dispute Fannie Mae's title to the property. By this Complaint, Fannie Mae seeks a judgment quieting title

---

[1] The Substitute Trustee's Deed expressly states that notices of sale required under Texas law were sent and the sale advertised as required.

to the property in Fannie Mae. Fannie Mae also seeks a judgment allowing Fannie Mae all appropriate writs and processes for obtaining possession of the property following the court's determination that the property at issue is properly held in fee by Fannie Mae.

## DECLARATORY RELIEF

21.     Pleading in the alternative, Fannie Mae brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202.

22.     Fannie Mae and Defendants are persons in a case of actual controversy. Fannie Mae requests that the Court declare the rights and other legal relations of Fannie Mae, an interested party.

23.     All conditions precedent to all claims made in this proceeding occurred and all parties with an interest in title to the property have been made a party hereto.

24.     This Court can determine any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and allow the parties to obtain a declaration of rights, status, or other legal relations. Accordingly, Fannie Mae seeks a declaratory judgment of this Court that Fannie Mae is the party holding proper fee title to the Property with a right to immediate possession.

## REQUEST FOR INJUNCTIVE RELIEF

25.     Where a trespass invades the possession of one's land, or destroys the use and enjoyment of that land, an injunction is a proper remedy. Permanent injunctive relief is appropriate upon a showing of (1) the existence of a wrongful act, (2) the existence of imminent harm, (3) the existence of irreparable injury, and (4) the absence of an adequate remedy at law. *Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n,* 25 S.W.3d 845, 849 (Tex. App.-- Houston [14th Dist.] 2000, pet. denied).  In addition, a court determining the appropriateness of a

permanent injunction should balance the competing equities, including the public interest. *See In re Gamble,* 71 S.W.3d 313, 317 (Tex. 2002).

26. Defendants have refused to vacate the premises that they do not own despite demand for them to do so. Such failure by Defendants is a wrongful act. Without possession of its realty, Fannie Mae will continue to suffer irreparable harm that would befall the property while possessed by a trespasser without care for the safety and upkeep of the property, including the maintenance of insurance and payment of property taxes, both of which are being performed by Fannie Mae. Defendants have no justification or legal right to possession and Fannie Mae has no adequate remedy at law. The only adequate remedy left to Fannie Mae is equitable; an injunction forbidding Defendants from further entry onto the property. Fannie Mae requests a preliminary and permanent injunction in order to obtain complete and permanent possession of its realty to the exclusion of the illegal trespass of the defendants. Fannie Mae prays for preliminary and permanent injunctions providing Fannie Mae with immediate and complete possession of its realty.

## SATISFACTION OF CONDITIONS PRECEDENT

27. All conditions precedent to each claim and cause of action pleaded in this complaint have occurred or were performed.

## **Prayer**

For These reasons, Fannie Mae prays this Court determine Fannie Mae holds legal and equitable title to the Property, award Fannie Mae court damages as pleaded, costs and reasonable attorney's fees as allowed for bringing this suit. Fannie Mae requests judgment for possession of the Property, preliminary and permanent injunctive relief, as well as all other writs and processes

available that will secure possession of the property in Fannie Mae.  Fannie Mae requests all other relief, in law or in equity, to which it is justly entitled.

                                              Respectfully submitted,

                                              **ALDRIDGE PITE, LLP**

                                              */s/ Rob Negrin*
                                              Robert L. Negrin
                                              Texas Bar No. 14865550
                                              Aldridge Pite, LLP
                                              701 N. Post Oak Rd., Suite 205
                                              Houston, TX 77024
                                              Telephone: (713) 293-3650
                                              Facsimile: (858) 412-2798
                                              rnegrin@aldridgepite.com
                                              Attorneys for Plaintiff
                                              **ATTORNEYS FOR PLAINTIFF**
                                              **FANNIE MAE**